UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| VERRINA SHIELDS BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 15-2724-STA-dkv |
| ) | |
| WILSON & ASSOCIATES, ) | |
| P.L.L.C, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Before the Court is the United States Magistrate Judge's Report and Recommendation that Defendants' motions to dismiss (ECF Nos. 20, 22, 24) be granted and that Plaintiff's motions to dismiss Defendants' motion to dismiss (ECF Nos. 23, 25, 26) be denied. Magistrate Judge Diane K. Vescovo submitted her Report and Recommendation on June 7, 2016. (ECF No. 27.) Plaintiff has filed objections to the Magistrate Judge's Report. Having reviewed the Magistrate Judge's Report and Recommendation *de novo* and the entire record of the proceedings, the Court hereby **ADOPTS** the Report and Recommendation in its entirety. Defendants' motions to dismiss are **GRANTED**, and Plaintiff's motions to dismiss are **DENIED**.

If a party objects within the allotted time to a report and recommendation on a dispositive motion, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[1] Parties must file specific objections; "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."[2] "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."[3] Therefore, to the extent that Plaintiff has made "vague, general, or conclusory objections," such as recitations of paragraphs from previous pleadings, those objections are waived, and the Court will consider only the portions of the Report and Recommendation to which Plaintiff made specific objections.

Plaintiff Verrina Shields Bey a/k/a Verrina Shields a/k/a Verrina Michelle Shields Bey has filed suit against Wilson & Associates, PLLC ("Wilson & Associates"), Bradley Arant Boult Cummings LLP ("Bradley"), and Mackie, Wolf, Zientz & Mann, P.C. ("Mackie"). Although not a named defendant, it appears that at least part of Plaintiff's alleged injury resulted from the purported actions of Jason Mangum who is "employed by or associated with" Defendants.[4] As noted by Magistrate Judge Vescovo, the complaint in this matter "entitled 'Racketeering & Influence, Prohibited Activities,

---

[1] 28 U.S.C. § 636(b) (1); *see also* Fed. R. Civ. P. 72(b).

[2] *Cole v. Yukins*, 2001 WL 303507 *1 (6th Cir. March 19, 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

[3] *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

[4] (Cmplt, ECF No. 1.)

Conspiracy in Violation of Sherman Antitrust Act by Fraud,' is hard to decipher as it contains very few factual allegations and many citations to irrelevant case law and statutes and meaningless references to, among others, treaties with American Indians, the Federalist Papers, and the National Emergency Act of 1933."[5] It appears that Plaintiff has set "forth three claims for relief: (1) a violation of 18 U.S.C. § 1962(c); (2) a violation of 18 U.S.C. § 1962(d); and (3) a violation of the Sherman Antitrust Act."[6]

Magistrate Judge Vescovo summarized Plaintiff's previously filings in this Court regarding various real properties as follows:

> On December 10, 2013, Bey filed a civil RICO claim to prohibit a foreclosure sale of real property located at 3205 Pershing, Memphis, TN 38112, docketed as Case No. 2:13-cv-02955-STA-dkv. *See* Complaint, *Shields v. HSBC Bank USA, et al.*, No. 2:13-cv-02955-STA-dkv (W.D. Tenn. Dec. 10, 2013), ECF No. 1. In that suit, Bradley, a defendant in the instant action, represented defendants HSBC Bank USA and Mortgage Registration Systems, Inc. This court recommended that Bey's claims be dismissed for failure to state a claim upon which relief may be granted. *See R & R, Shields v. HSBC Bank USA, et al.*, No. 2:13-cv-02955-STA-dkv (W.D. Tenn. March 7, 2014), ECF No. 14. By order dated March 28, 2014, the court adopted the recommendation and dismissed the case in its entirety. Order, *Shields v. HSBC Bank USA, et al.*, No. 2:13-cv-02955-STA-dkv (W.D. Tenn. March 28, 2014), ECF No. 15.
>
> On June 30, 2015, Bey filed another complaint under RICO and the Sherman Antitrust Act naming Mangrum, among others, as a defendant. *See* Complaint, *Bey v. Moore*, et al., No. 2:15-cv-02443-STA-dkv (W.D. Tenn. June 30, 2015), ECF No. 1. In that complaint, Bey attempted to assert similar claims against Mangrum for RICO and Sherman Antitrust Act violations alleging, as in here, that Mangrum conspired with the Shelby County General Sessions Court to defraud Bey in violation of 18 U.S.C. § 1962 and to make false filings with the Shelby County Register of Deeds. Id. at 5, 7. In that complaint, Bey also failed to identify any property of

---

[5] (Rep. & Rec. p. 2, ECF No. 27.)

[6] (*Id.* at p. 3.)

which she was deprived and this court recommended that Bey's claims be dismissed for failure to state a claim upon which relief may be granted. *See* R & R, *Bey v. Moore, et al.*, No. 2:15-cv-02443-STA-dkv (W.D. Tenn. Aug. 13, 2015), ECF No. 10. By order dated September 28, 2015, the court adopted the recommendation and dismissed the case in its entirety. *See* Order, *Bey v. Moore, et al.*, No. 2:15-cv-02443-STA-dkv (W.D. Tenn. Sept. 28, 2015), ECF No. 12.[7]

The Magistrate Judge first determined that Plaintiff does not have standing to bring any claims on behalf of the C.C. Foley Family Land Trust and "cannot rest her individual claims to relief on the legal rights or interests of the Trust but may assert only her legal rights and interest."[8] She recommended that any claims brought on behalf of the Trust be dismissed.

The Magistrate Judge also recommended that Plaintiff's claims against Defendants Wilson and Mackie be dismissed because she did not properly serve Defendants with process.[9] As to Defendant Wilson, Plaintiff did not show that she mailed a certified copy of the summons and a copy of the complaint; she mailed the documents by registered return receipt or certified return receipt; or she mailed the documents to an authorized agent in accordance with Tenn. R. Civ. P. 4.04(10), and, thus, service was not valid. As to Defendant Mackie, even assuming that Plaintiff's service of Mackie otherwise complied with Federal Rule of Civil Procedure 4(h)(1)(B) and Tennessee Rule of Civil

---

[7] (*Id.* at pp. 4-5 (footnotes omitted.) Plaintiff has also filed multiple actions in state court. (*Id.*)
[8] (*Id.* at pp. 6-7.)
[9] (*Id.* at pp. 10-11.)

Procedure 4.04(4) & 4.04(10), the service was untimely under Federal Rule of Civil Procedure 4(m) because Plaintiff did not complete service within the 120-day deadline.[10]

Finally, the Magistrate Judge determined that the complaint failed to state a claim on which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[11] First, Plaintiff failed to provide any factual support for the elements of a claim under RICO pursuant to 18 U.S.C. § 1962(c) and did not plead her allegations of fraud with particularity as required by Rule 9 of the Federal Rules of Civil Procedure.[12] Other offenses cited by Plaintiff, excluding 18 U.S.C. § 1951, were not included in the statutory definition of racketeering activity and could not constitute predicate offenses under RICO.[13] And, finally, there are no facts to show that Defendants violated 18 U.S.C. § 1951.[14]

Additionally, the Magistrate Judge determined that Plaintiff also failed to show the "enterprise" element of RICO: (1) that a group of persons formed "an ongoing organization with some sort of framework or superstructure for making and carrying out decisions;" (2) that they functioned as a continuing unit; and (3) that the organization

---

[10] (*Id.*)

[11] (*Id.* at p. 12.)

[12] (*Id.* at pp. 13-14.)

[13] (*Id.* at p. 15.)

[14] (*Id.*) Section 1951(a) provides in relevant part:
> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

"was separate and distinct from the pattern of racketeering activity in which it engaged."[15] "[A]part from conclusorily alleging that an enterprise exists between the three law firms listed as defendants in this suit, there are no factual allegations plausibly suggesting that the Defendants formed any type of association which functioned as a 'continuing unit,' or that the behavior of the Defendants is 'ongoing' and 'coordinated.'"[16] Additionally, Plaintiff "has not even identified minimal facts such as how she was injured, when she was injured, or what property was injured."[17] Therefore, Magistrate Judge Vescovo recommended that the RICO claims be dismissed for failure to state a claim.

Finally, Magistrate Judge Vescovo recommended that Plaintiff's Sherman Antitrust Act claims be dismissed for failure to state a claim because Plaintiff has not alleged that Defendants entered into any contract or conspiracy that affects interstate commerce and imposes an unreasonable restraint of trade among several states, territories of the United States, or with foreign nations; she has not alleged any property owned as a result of a contract or conspiracy entered by the Defendants and that is in the course of transportation from one State to another or to a foreign country; and she has not alleged that Defendants are engaged in any commerce which involves the importing of goods into the United States.[18]

---

[15] (*Id.* at p. 16 (citing *Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 793 (6th Cir. 2012)).

[16] (*Id.* (citations omitted.))

[17] (*Id.* at p. 17.)

[18] (*Id.* at pp. 17-19.)

In her objections, Plaintiff maintains that service of process was proper under Fed. R. Civ. P. 5(b).[19] However, Rule 5 "dictates the manner in which parties ... shall be served with all papers and pleadings **subsequent** to the service of the summon[s] and the original complaint and directs the filing of those papers; service of the summons and the original complaint is governed by Rule 4."[20] In other words, Rule 4 governs service of process while Rule 5 governs the service of all papers thereafter.[21] Thus, Plaintiff's objection is without merit.

Plaintiff asserts that she has properly stated RICO and Sherman Antitrust claims. In support, she merely reiterates her previous arguments.[22] As noted above, recitations from previous pleadings do not constitute valid objections under Fed. R.Civ. P. 72(b) and are waived.

Plaintiff does not object to the finding that she may bring her claims only in her individual capacity.[23]

Because Magistrate Judge Vescovo correctly determined that Defendants were entitled to dismissal of the claims against them, Plaintiff's objections are **OVERRULED**,

---

[19] (Obj at pp. 1- 2, ECF No. 28.)

[20] 4B C. Wright & A. Miller, *Federal Practice and Procedure* § 1141, p. 410 (2002) (emphasis added).

[21] *See Flora v. LG Elecs. U.S.A., Inc.*, 2013 WL 4805693 at *1 (E.D. Mich. Sept. 9, 2013) (explaining that Rule 5(b), which describes the manner of accomplishing service "under this rule," Fed. R. Civ. P. 5(b)(1) & (2), does not apply to service of process, which is governed by Rule 4).

[22] (Obj at pp. 2-5, ECF No. 28.)

[23] (*Id.* at p. 4.)

and the Report and Recommendation is **ADOPTED**. Accordingly, Defendants' motions to dismiss are **GRANTED**, and Plaintiff's motions to dismiss are **DENIED**.

The court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a).[24] Rule 24(a) provides that if a party seeks pauper status on appeal, she must first file a motion in the district court, along with a supporting affidavit.[25] However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file her motion to proceed *in forma pauperis* in the Court of Appeals.[26]

The good faith standard is an objective one.[27] The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous.[28] It would be inconsistent for a district court to determine that Defendants are entitled to judgment on the pleadings but the action has sufficient merit to support an appeal *in forma pauperis*.[29] The same considerations that lead the court to grant

---

[24] *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999).

[25] Fed. R. App. P. 24(a)(1).

[26] Fed. R. App. P. 24(a)(4)-(5).

[27] *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

[28] *Id.*

[29] *See Williams v. Kullman*, 722 F.2d 1048, 1050 n. 1 (2d Cir. 1983).

8

Defendants' motions to dismiss also compel the conclusion that an appeal would not be taken in good faith.

It is **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, **DENIED**. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[30]

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: July 26, 2016

---

[30] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless she is specifically instructed to do so, Plaintiff should not send to this court copies of documents intended for filing in the Sixth Circuit.